UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ABRAM,

                    Plaintiff,            Civil Action No. 14-11431
                                            Honorable Judith E. Levy
        v.                        Magistrate Judge David R. Grand

CORIZON HEALTH, INC.,
*et al.,*

                    Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u><br><u>TO DISMISS FOR WANT OF PROSECUTION</u>

**I.    REPORT**

On April 3, 2014, Plaintiff Michael Abram filed his complaint in this case, pursuant to 42 U.S.C. §1983, against several defendants. (Doc. #1). On April 11, 2014, the Court entered an order directing the United States Marshal Service to serve a copy of Abram's complaint on each of the defendants at the addresses he provided. (Doc. #5).

Although most of the defendants were served (and subsequently dismissed), two of the named defendants still have not been served. Specifically, it appears that the Marshal was unable to serve Defendant "Commins" at the address provided by Abram. In addition, Abram listed as a defendant "Jan Doe," identified only as a registered nurse employed at the St. Louis Correctional Facility. (Doc. #1 at 1). To date, however, Abram has not sufficiently identified this defendant such that service can be accomplished.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. Where, as here, a plaintiff is proceeding *in*

*forma pauperis* and requests the Court's assistance with serving the defendant(s), the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them.

Here, Abram names "Commins" and "Jan Doe" as defendants, but he has not provided sufficient information to accomplish service upon them. Consequently, on September 11, 2015, this Court issued an order requiring Abram to provide the full name and address of each of these defendants by October 2, 2015, so that summonses could be issued and service could be effectuated. (Doc. #57). In that order, Abram was specifically warned that his failure to timely provide the Court with this information could result in the dismissal of this action, as against these two defendants, for want of prosecution.

On September 28, 2015, the Court's order was returned as undeliverable. (Doc. #58). The Post Office's return-to-sender stamp states, "MOVED," "LEFT NO ADDRESS," "UNABLE TO FORWARD," "RETURN TO SENDER." (*Id.*). Apparently, then, Abram is no longer living at the address on file with the Court, nor has he provided the Court with his updated contact information. Courts have recognized that a litigant has the burden of advising the court and the parties of any change of address. *See, e.g., Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address."); *Taylor v. Warren County Regional Jail*, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same). Indeed, Local Rule 11.2 provides a court with the authority to dismiss a case for failure to keep the court apprised of address changes. As this court has previously held, "'[Plaintiff] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of [Plaintiff's] current address." *Brown v. White*, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (internal citations omitted). Abram was advised

of this obligation at the time his case was filed. (Doc. #3). Since that time, Abram failed once to advise the Court of an address change (from Benton Harbor, MI to Taylor, MI), and it was only after counsel for the MDOC provided updated contact information for Abram (at the Court's request) that the Court was able to communicate with him.  (Doc. #33).  Since that time, some of the orders sent to the Taylor, Michigan, address have been received and others have been returned as undeliverable.  At no time, however, has Abram taken steps to notify the Court of a change in address, despite being obligated to do so.  Indeed, the Court notes that Abram has not filed any documents in this case since October 2014.[1]

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Trotter v. Gonzalez*, 2008 WL 2761019, at *2 (E.D. Mich. July 15, 2008) (quoting *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.  *Trotter*, *supra* at *2; *Ortiz v. Donnellon*, 2012 WL 1957313, at *1 (E.D. Mich. Apr. 18, 2012) (court may dismiss action *sua sponte* pursuant to Rule 41(b) for failure to prosecute).

---

[1] On March 16, 2015, the Court issued an Order requiring Abram to respond to a summary judgment motion that had been filed by certain of the defendants.  (Doc. #48).  He failed to do so, and on April 17, 2015, the Court issued an Order to Show Cause as to why it should not grant the defendants' motion.  (Doc. #50).  Once again, Abram failed to respond, and the Court issued a Report and Recommendation to grant the moving defendants' summary judgment motion and dismiss Abram's complaint against them.  (Doc. #52).  The Court notes that its recommendation was based not only on Abram's failure to respond, but also on the merits of his claims.  (*Id.*). The substantial resources the Court has already devoted to this matter makes the dismissal recommended herein all the more appropriate.

## II.     RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Abram's complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).


Dated: October 9, 2015                           s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                                        United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

4

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 9, 2015.

s/Eddrey O. Butts _____

EDDREY O. BUTTS

Case Manager
